■■ Owilian pay; life insurance; failure of Government to withhold payment; recovery of payments. — On June 11, ‘1976 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kunzig, Judges.
“This case is before us on the petition and on defendant’s motion for, .summary judgment.. Plaintiff, a United States Civil'Servant, retired on October 31, 1989, ivhile' covered by ' both ‘regular’ and ‘optional’ life insurance under the Govern- ' ment program. For thirteen months thereafter defendant by administrative error failed to withhold from his monthly annuity .payment the premium for the ‘optional’ insurance, .as by' law it should have done, until .plaintiff reached 65 years of age. 5 U.S.C. Sec. 8714a(d). On discovering the error, defendant ultimately recovered the overpayment total-ding $546.01, by'withholding approximately $30 a month from annuity payments over eighteen month's. Plaintiff sues -for the $546.01 with ‘compound interest.’ We have jurisdic- • tion under 5 U.S.C. Sec. 8715.
- “Contrary to plaintiff, we conclude that his .‘optional’ insurance remained in effect without lapse during the involved ^'thirteen month period, in the absence of any statutory or *717 other provision for grace periods or lapse in case of nonpayment, and the obvious entire reliance of defendant on its own act in withholding to obtain timely premium payments.
“Under 5 U.S.C. Sec. 8346 (b) : •
Recovery of payments under this chapter may not be made from an individual when in the judgment of the Civil- Service Commission, the. individual is without fault and recovery would be against equity and good conscience.
“Assuming that judicial review of a denial of relief by the said Commission such as here occurred, may be had in an instance of abuse of discretion, we see none here. Contrary to defendant’s counsel, we assume the statute is'applicable to the case. .The plaintiff in his opposition to the motion alleges facts showing he was without fault, i.e., that he was' not informed his annuity would be subject to reduction for the premiums on the ‘optional’ insurance. On summary judgment, we must, accept his statement as true'. We fail, however, to find anything ip the record to suggest that, even if plain-, tiff was without fault, he should have befen exempted by reasons of equity and good conscience from refunding a manifest overpayment. As a normal matter, equity and gpod conscience as much as law require people to,refund overpayments they have received, whether or not with fault of their own^ and the exceptions require to be shown. There is no showing of any exception here.
“Accordingly, defendant’s motion for summary judgment is allowed and the petition is dismissed.” - " ’
' On October 6, 1976 plaintiff’s motion for reconsideration was denied.